Jason DOYLE *v.* STATE of Arkansas

CR 94-632                                                        890 S.W.2d 256

Supreme Court of Arkansas
Opinion delivered December 19, 1994

*McArthur & Finkelstein*, by: *William C. McArthur*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant Jason Doyle was convicted of first degree murder and sentenced to ten years imprisonment. He was also convicted of the criminal use of a prohibited weapon and sentenced to six years imprisonment to be served concurrently with the ten year sentence. The court of appeals affirmed. *Doyle* v. *State*, CACR 92-538 (June 2, 1993). Appellant filed a petition for rehearing and a petition for review, both of which were denied in July 1993.

As a result of what was apparently a clerical error, the mandate was not issued until November 10, 1993. Approximately two weeks *before* the mandate was issued, appellant had filed in the trial court a petition pursuant to Criminal Procedure Rule 37 seeking post-conviction relief. The trial court denied the petition because it found that it was untimely. Appellant brings this appeal.

The trial court did not err in concluding that the petition was untimely. Rule 37.2(c) provides:

> If an appeal was taken of a judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty days (60) of the date the mandate was issued by the appellate court.

The petition must be filed *after* the mandate is issued because, when a case is directly appealed, the circuit court does not regain jurisdiction over the case until that event occurs. *Clements* v. *State*, 312 Ark. 528, 851 S.W.2d 422 (1993); *Morton* v. *State*, 208 Ark. 492, 187 S.W.2d 335 (1945). A court must have jurisdiction before it can do more with respect to a Rule 37 petition than examine it to see if it is timely. In *Maxwell* v. *State*, 298 Ark. 329, 767 S.W.2d 303 (1989), we said:

> a court always has the power and duty to examine the evidence and determine whether in fact it does have jurisdiction over the matter. (citations omitted) That being so, a

[Rule 37] petition once tendered should be filed even though untimely so that the court may exercise the power and duty to determine whether jurisdiction exists . . . . *once it is determined that jurisdiction does not exist, the disposition of the case must be made on that basis.*

In accordance with *Maxwell*, once the trial court saw that the petition had been filed before the mandate was issued, it was bound to do no more than declare it untimely. It was incumbent on appellant Doyle to determine when the mandate was issued just as it is incumbent on a convicted defendant to determine when the judgment is entered before filing a notice of appeal.

Affirmed.