Johnny LAWHON *v.* STATE of Arkansas

CR 95-1276                                    942 S.W.2d 864

Supreme Court of Arkansas
Opinion delivered April 28, 1997

*Dale E. Adams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

PER CURIAM. On August 4, 1992, Johnny Lawhon, Jr., was convicted of theft by receiving, possession of a controlled substance with intent to deliver, and criminal use of a prohibited weapon. He was sentenced on the three offenses, respectively, to five years', ten years', and five years' imprisonment. The judg-

ment and commitment order specified that the sentences were to be served consecutively.

The conviction was affirmed by the Arkansas Court of Appeals by an unpublished opinion, and the affirmance mandate issued December 15, 1993.

On February 14, 1994, Mr. Lawhon petitioned for postconviction relief. One of his allegations was that the Trial Court had determined that Mr. Lawhon's sentences were to run consecutively after the jury had been discharged and after Mr. Lawhon had left the courtroom. The contention was that the sentence was thus illegal as a defendant has the right to be present at every significant step in the trial proceedings. *Lowery v. State,* 297 Ark. 47, 759 S.W.2d 545 (1988).

In response to the postconviction-relief petition, the Trial Court order noted that four issues presented in the petition should have been raised on direct appeal. In response, however, to the sentencing *in absentia* contention, the Trial Court noted that the evidence was conflicting as to whether Mr. Lawhon was present when the determination to run the sentences consecutively was made. In the order the Trial Court also observed that Mr. Lawhon should have raised that issue in his direct appeal, but did not so do. Although it was not directly stated in the order, it is clear that the postconviction petition for relief cognizable under Ark. R. Crim. P. 37 was denied. The Trial Court's order, however, allowed Mr. Lawhon to petition for resentencing. Such a petition was presented, and resentencing occurred. In view of the Trial Court's conclusion that the issue of the sentence should have been raised on direct appeal, it is clear that Rule 37 relief was being denied on that point too. The Trial Court's rationale for allowing resentencing, however, was that an illegal sentence can be challenged at any time.

At the resentencing hearing, the Trial Court stated that, as he had not presided at the trial but had only read the trial transcript, he was "in the dark about what to do." The Trial Court decided that, in view of the fact that the judge who tried the case had decided to run the sentences consecutively, he would "ratify" that

decision, absent presentation of an overwhelming reason not to do so. The sentences thus remained to be served consecutively.

■ Mr. Lawhon appealed from the resentencing decision on the ground that the Trial Court had not exercised its discretion. Part of the State's argument in response was that Mr. Lawhon should have raised on direct appeal his argument that it was improper to have run the sentences consecutively in his absence.

Mr. Lawhon had not presented the issue to the Trial Court. Our general rule is that an appellant may not appeal on the ground of an error not brought to the attention of the Trial Court. *Ussery v. State*, 308 Ark. 67, 822 S.W.2d 848 (1992). In its brief, however, the State argued that the matter could have been presented to the Trial Court by a motion by Mr. Lawhon that the sentences be ordered to be served concurrently. No authority was cited in support of that proposed procedure.

In a *per curiam* opinion of March 17, 1997, we agreed with Mr. Lawhon's argument that the Trial Court, upon resentencing, had not exercised the discretion required. We recognized the State's argument that the alleged initial sentencing error in announcing that the sentences were to be served consecutively should have been raised in the direct appeal to the Court of Appeals. We stated, however, that Mr. Lawhon had not had an opportunity to appeal on that point because of his inability to raise the issue before the Trial Court.

■ In a petition for rehearing, the State now contends, correctly, that "The contemporaneous-objection rule generally prohibits an appellant from raising a claim on direct appeal that was not raised in the trial court. That rule, however, does not apply when an appellant had no opportunity to object. *E.g., Wicks v. State,* 270 Ark. 781, 786, 606 S.W.2d 366,369 (1980)." Also cited is *Eberlein v. State,* 315 Ark. 591, 593-594, 869 S.W.2d 12, 13-14 (1994).

In view of the State's correct argument with respect to whether the allegation of the initial sentencing error could have been raised on direct appeal, we might well grant rehearing if the

issue were whether Mr. Lawhon was entitled to Rule 37 relief. That, however, is not the issue before us. Rule 37 relief was denied by the Trial Court. The issue, as we now perceive it, is whether the Trial Court had jurisdiction to resentence Mr. Lawhon. Because the Trial Court did not have jurisdiction to do so, we dismiss the appeal.

As indicated above, the Trial Court's resentencing order was probably based upon the rule that an illegal sentence can be corrected at any time. The reference is apparently to Ark. Code Ann. § 16-90-111 (Supp. 1995), which provides the time limits for the filing of motions to correct an illegal sentence. According to the statute, a motion that alleged that the sentence was imposed in an illegal manner had to be filed within 120 days after the sentence was imposed or within 120 days of after specified action was taken by an appellate court. *See also Abdullah v. State*, 290 Ark. 537, 720 S.W.2d 902 (1986). A motion that alleged that the sentence was "illegal on its face," or in other words, not authorized by statute, could be raised at any time. *Abdullah v. State, supra.* In recent cases, however, we have recognized that there is a conflict between the time limits set forth in § 16-90-111 and in the reinstated version of Rule 37, and we have held that the Rule supersedes the statute. *Reed v. State,* 317 Ark. 286, 878 S.W.2d 376 (1994). Consequently, only the time limits set forth in Rule 37 govern when an illegal sentence may be corrected.

■ Rule 37.2(c) provides as follows:

> If an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the appellate court.

Because Mr. Lawhon did not raise a cognizable issue within the time prescribed by Rule 37, the Trial Court was without jurisdiction to resentence.

■ If the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *See Craig v. Traylor*, 323 Ark. 363, 915 S.W.2d 257 (1996). As it has become clear that the Circuit Court in this case lacked jurisdiction to resentence Mr. Lawhon, the

appeal must be dismissed, and the State's petition for rehearing has become moot.

Petition for rehearing moot; appeal dismissed.