Steven Lamont WOMACK  *v.*  STATE of Arkansas

CR 06-1071                                              245 S.W.3d 154

Supreme Court of Arkansas
Opinion delivered December 14, 2006

No response.

Per Curiam. On February 24, 2006, appellant Steven Lamont Womack filed a pro se pleading styled "Motion to Set Aside Pursuance [sic] to Rule 60 B with Brief Incorporated" in Pulaski County Circuit Court, requesting that the court set aside a decision rendered in a hearing on February 23, 2006. At that hearing, the court apparently considered a request by appellant concerning the sentence in appellant's previous conviction and concluded by indicating it would review the transcript, and if the transcript indicated that any jail time credit was due appellant, a speed letter would issue. Appellant was found guilty of two counts of non-support, and sentenced to three years' imprisonment in the Arkansas Department of Correction on the first count, one year imprisonment on the second count and restitution in varied amounts on each count. Appellant's pro se appeal of that judgment to the Arkansas Court of Appeals was dismissed in 2003. Following the appellant's February 24, 2006 motion, and in conjunction with another hearing, a speed letter was sent requiring appellant to serve his time as sentenced. Appellant next filed a pro se motion to reinstate the appeal in the court of appeals, which had been dismissed without written opinion.

Appellant then filed three pro se pleadings beginning on April 27, 2006, first requesting that his child-support payments be held in abeyance while he is incarcerated, followed by a request that he be released from his sentence to allow him to make his support payments, and finally requesting modification of his child support payments. The court conducted a hearing on the motions, and, in a written order entered June 6, 2006, denied the three motions, but did order that restitution payments be held in abeyance until appellant is released from prison.

Appellant has lodged an appeal of that order in this court, and now before us is appellant's pro se motion requesting an extension of time in which to file appellant's brief, seeking to consolidate his direct appeal with this case, and requesting access to the record to prepare appellant's brief. However, it is clear that appellant could not prevail, and, as a result, we must dismiss the appeal. This court has consistently held that an appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Booth v. State*, 353 Ark. 119, 110 S.W.3d 759 (2003) (per curiam). Here, the trial court correctly concluded that it should not hear appellant's claims.

■ As the trial court's order indicates, appellant's motions requesting that his child support payments be held in abeyance and that those payments be reduced to zero concern the modification of orders entered in another division of Pulaski County Circuit Court. While the court may have had subject-matter jurisdiction and the authority to hear those questions under Ark. Const. Amend. 80, § 6, the child support orders had been entered in divorce cases assigned to the domestic relations division of circuit court. Under our Administrative Order No. 14, cases in the domestic relations division may be exclusively assigned to particular judges. The trial court did not err in declining to modify or change child support orders that had been entered in cases assigned to another division of circuit court. With reference to its own previous order concerning the payment of restitution, the court could properly order that such payments be held in abeyance.

■ As to appellant's second motion to be released from his sentence, the trial court treated the pleading as a motion under Ark. Code Ann. § 16-90-111 (Supp. 2003) and dismissed it as untimely filed. Appellant's motion alleged that due process violations required his jail-time sentence be eliminated as illegally imposed. Appellant's arguments are issues that would be cognizable in a petition under Ark. R. Crim. P. 37.1, and, as this court has previously held, section 16-90-111 has been superseded to the extent that it conflicts with the time limitations for postconviction relief under Ark. R. Crim. P. 37.2(c). *Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999).

■ The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition. *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994). Appellant's motion was not filed within sixty days of the dismissal of his appeal as required by Rule 37.2(c), and the trial court correctly found that it did not have jurisdiction to modify the sentence.

We do not reach the merits of appellant's pro se motion because he cannot prevail and we must accordingly dismiss the appeal. The motion is therefore moot.

Appeal dismissed; motion moot.