2009 Ark. 460

**Tyrone Lanell JOHNSON, Appellant,**

v.

**STATE of Arkansas, Appellee.**

No. CR 08–561.

Supreme Court of Arkansas.

Oct. 1, 2009.

Appellant, pro se.

Danny R. Williams, North Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by Karen Virginia Wallace, Ass't Att'y Gen., for appellee.

PER CURIAM.

In 2005, the prosecuting attorney filed an information charging appellant Tyrone Lanell Johnson with possession of cocaine with intent to deliver, possession of marijuana with intent to deliver, and possession of drug paraphernalia with the intent to use that paraphernalia in the course and furtherance of a felony, i.e., possession of cocaine or possession of marijuana with the intent to deliver. At trial, the court granted a request for directed verdict as to the possession of marijuana with intent to deliver, and reduced the charge to misdemeanor possession. At the close of evidence, the jury was instructed on that charge, possession of cocaine, and possession of drug paraphernalia during the commission of possession of the controlled substance, cocaine. The jury was unable to reach a verdict on the possession of cocaine and marijuana charges, but found appellant guilty of felony possession of drug paraphernalia. Appellant received a sentence of 240 months' imprisonment and a $10,000 fine on the felony possession-of-drug-paraphernalia charge.

The Arkansas Court of Appeals affirmed the judgment. *Johnson v. State*, CACR 07–260, 2007 WL 3358489 (Ark.App. Nov. 14, 2007). Appellant, through counsel, timely filed in the trial court a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 that was denied following a hearing. Appellant appeals the denial of postconviction relief, raising four points of error by the trial court. We affirm.

In his petition for relief under Rule 37.1, appellant raised six allegations of ineffective assistance of counsel, including allegations that trial counsel failed to request or proffer jury instructions on misdemeanor possession of drug paraphernalia. The trial court found that trial counsel requested all appropriate instructions, that, as a mat-

ter of trial strategy, trial counsel did not object to the State's withdrawing a request for a separate misdemeanor drug paraphernalia instruction, that any illegal sentence appellant received had already been corrected, and that appellant had not produced facts to support appellant's assertion that the outcome of the trial would have been different had counsel proceeded differently.

The trial court did not specifically identify in the written order a basis for the finding that counsel had requested all appropriate instructions. There was, however, discussion during the postconviction relief hearing indicating the court understood that no misdemeanor violation for possession of cocaine existed, and the only appropriate possession-of-paraphernalia charge in relation to that charge would have been felony possession, as well.

In his first point on appeal, appellant contends that the trial court erred in finding that appellant was barred as a matter of law from requesting a misdemeanor instruction. In his second point, appellant contends that the trial court erred in finding that all appropriate jury instructions were given. In his third point, appellant contends that the trial court erred in finding that trial counsel's failure to request an instruction on misdemeanor possession of paraphernalia was a reasonable strategic decision. In his fourth and last point on appeal, appellant asserts that the combination of the failure to instruct the jury on misdemeanor possession of paraphernalia and the use of a general verdict form was fundamental error resulting in an unreliable verdict. Appellant's first three points of error are interdependent, in that all three allege that counsel was ineffective for failing to request instructions on the misdemeanor paraphernalia charge.

■ In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and based on the totality of the evidence, the trial court clearly erred in holding that counsel's performance was not ineffective. *Small v. State,* 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that this deficient performance prejudiced his defense through a showing that petitioner was deprived of a fair trial. *Walker v. State,* 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam).

■ Appellant asserts that trial counsel was ineffective for failing to request that the jury be instructed on possession of paraphernalia in relation to the marijuana charge, which would have been a misdemeanor charge, in addition to the instruction on the cocaine charge. He contends in his first point that the State could not, during trial, limit the paraphernalia charge to apply only to use in furtherance of the cocaine charge, when the information reflected both the cocaine and marijuana charges as alternative bases for the paraphernalia charge. Appellant asserts that the trial court could not refuse to give an instruction on a lesser-included offense when there was evidence to support it. Appellant alleges that because possession of marijuana was a lesser-included offense of the charge of possession with intent to sell, appellant was entitled to an instruction on that lesser-included offense as to the paraphernalia charge.

In order to request an instruction on what appellant contends was a lesser-included offense, trial counsel would have had to object to the State's limitation of the paraphernalia charge to the possession of cocaine. Trial counsel testified that he believed it was the State's prerogative to make the decision to limit the paraphernalia instruction and that once it elected to do so, the jury could not find· appellant guilty of the misdemeanor paraphernalia charge. At the time of trial, the law was not clear as to whether the State must prove the ⌊5possession-of-cocaine charge in order to convict on the possession-of-paraphernalia charge. The court of appeals resolved that issue on direct appeal, basing the analysis for the decision on a case that it handed down shortly before rendering its decision on appellant's appeal, and found that the paraphernalia charge was not dependent upon a conviction as to a specific felony possession charge. *See White v. State*, 98 Ark.App. 366, 255 S.W.3d 881 (2007).

Counsel's testimony indicated that he believed that the chances of success on the paraphernalia charge were good with the instruction limited to the cocaine, that the chances were better than if the instruction included the marijuana offense as an alternative. Counsel testified that he thought the withdrawal of the jury instructions as to the marijuana alternative had the same effect as a nolle prosequi as to the alternative charge. Counsel would not have increased the charges and appeared to be unwilling to sacrifice a chance for acquittal for the possibility of a reduced sentence.

On appeal, appellant argues that the law does not permit the State to limit instruction on a lesser-included offense in the situation presented here, that appellant was entitled to instruction on the paraphernalia charge with the inclusion of the misdemeanor marijuana-possession offense alternative. Appellant asserts that the only evidence submitted at trial concerned the use of the paraphernalia with marijuana, not cocaine, and that the appropriate jury instruction would therefore have used the marijuana alternative as to the paraphernalia charge. He alleges that counsel's trial strategy was not reasonable because ⌊6counsel incorrectly believed that the felony paraphernalia charge would be reduced to a misdemeanor if the State did not prove the felony possession-of-cocaine charge, and because it placed appellant in an all-or-nothing position. Appellant asserts that there was direct evidence of the paraphernalia being removed from appellant's pocket and failing to provide the jury with instructions on the marijuana alternative for the paraphernalia charge increased the likelihood that appellant would be convicted on the paraphernalia charge given.

■  Because we agree with the trial court's findings that trial counsel exercised trial strategy based upon reasonable professional judgment in not objecting to the State's withdrawal of instructions linking the paraphernalia charge to the marijuana charge, we need not reach the issues as to whether appellant was entitled to an instruction on the marijuana-charge alternative or whether appellant was prejudiced by the failure to request the instruction. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37.1. *See Weatherford v. State*, 363 Ark. 579, 215 S.W.3d 642 (2005) (per curiam).

■  Judicial review of counsel's performance must be highly deferential, and a fair assessment of counsel's performance under *Strickland* requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the cir-

cumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time. *Dansby v. State*, 347 Ark. 674, 66 S.W.3d 585 (2002). This court has held that as a matter of trial strategy, competent counsel may elect not to request an instruction on lesser-included offenses. *Henderson v. State*, 281 Ark. 406, 664 S.W.2d 451 (1984) (per curiam). While the trial court may err to refuse instructions on a lesser-included offense where the defense is not inconsistent with those instructions, counsel is not ineffective merely because an all-or-nothing strategy fails. *Id.; see also State v. Jones*, 321 Ark. 451, 903 S.W.2d 170 (1995). Appellant's defense in this case was an all-or-nothing strategy based upon his complete innocence of the crime.

Here, appellant asserts that it was not reasonable for trial counsel to adopt an all-or-nothing strategy because there was testimony that the paraphernalia was found in appellant's pocket and appellant contends that testimony was uncontested. Although appellant did not testify to dispute whether the paraphernalia was in his pocket, the defense did include testimony from another individual that the drugs and paraphernalia were his and that he had thrown those items down shortly before appellant was arrested. In addition, the defense strategy was to discredit the officer who testified that he found the scales in appellant's pockets and present the officer's testimony as unreliable.

Furthermore, the evidence directly linked the type of scales introduced to the use and sale of marijuana, with only a much more generalized connection to other drug use. With the State's withdrawal of the paraphernalia instruction providing the alternative misdemeanor-level marijuana finding, counsel believed appellant's chances for acquittal on the paraphernalia charge improved because there was no evidence relating the paraphernalia charge to the cocaine. In order to request misdemeanor instructions, appellant would have had to have objected to the withdrawal of the instruction providing for the alternative basis for the charge. As a matter of strategy, even if the State were not entitled to withdraw the instruction, as appellant now asserts, provided that counsel exercised reasonable professional judgment in the decision, counsel could waive any potential objection to the withdrawal of the instruction on appellant's behalf.

Trial counsel testified that he understood that the paraphernalia charge should be reduced to a misdemeanor if the jury failed to convict appellant on the felony charge and acted in accord with that understanding. In this appeal, appellant alleges that the erroneous assumption was the foundation for the defense strategy. Appellant appears to contend that counsel failed to act reasonably because he was incorrect on that point of law.

The issue of whether the State was required to prove actual possession of the controlled substance in order to prove the possession-of-paraphernalia charge was raised on direct appeal, and the court of appeals did not agree with counsel's analysis and denied relief. Counsel, however, had based his conclusion on the application of an accepted analysis for felony murder, with good knowledge of the law as it stood at that time. Counsel was, at the time that he made the judgment to adopt the strategy, not "wrong."

We cannot say that the trial court was clearly erroneous here in finding a reasonable basis for counsel's decision under the facts in this case. We need not reach the question of whether trial counsel was correct in his analysis. Instead, we apply the *Strickland* standard and determine that counsel had a reasonable basis for his professional judgment on the issue.

 A petitioner making a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Harrison v. State*, 371 Ark. 474, 268 S.W.3d 324 (2007). In doing so, the claimant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* Under the circumstances of this case, we cannot say that appellant clearly overcame that presumption.

 In his final point on appeal, appellant asserts that the degree of prejudice from the failure to instruct the jury as to the marijuana alternative rose to the level of fundamental error because a general verdict form was used. It is not clear whether appellant presents this argument as one of ineffective assistance or as fundamental error. To the extent that appellant argues ineffective assistance of counsel, application of the previous analysis would lead to the same conclusion regarding the trial court's findings as to the Rule 37.1 petition, that is, that it was not error to find that counsel made a reasonable strategic decision. The degree of prejudice or whether prejudice in fact resulted is beyond the scope of that analysis.

If appellant now argues fundamental error by the trial court, the question was not presented to the trial court in appellant's petition for postconviction relief. Issues raised for the first time on appeal, even constitutional issues, will not be considered because the circuit court never had an opportunity to make a ruling. *Green v. State*, 362 Ark. 459, 209 S.W.3d 339 (2005). To the extent that the argument may have been presented in the hearing on the petition, appellant failed to receive a ruling on the issue. An appellant has an obligation to obtain a ruling on any issue to be preserved for appeal. *See Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006); *Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000).

Appellant has shown no clear error by the trial court. Accordingly, we affirm the denial of appellant's petition for relief under Rule 37.1.

Affirmed.