2010 Ark. 96

**Vernist McCRANEY, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–1114.**

Supreme Court of Arkansas.

Feb. 25, 2010.

James P. Clouette, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Nicana C. Sherman, Ass't Att'y Gen., for appellee.

PER CURIAM.

In 2007, appellant Vernist McCraney was convicted of one count of delivery of a controlled substance and was sentenced to 144 months' incarceration in the Arkansas Department of Correction. Because the delivery of the controlled substance occurred within 1,000 feet of a church, an additional sentence of 120 months' incarceration was imposed pursuant to Arkansas Code Annotated § 5–64–411(a)(7) (Repl.2005).[1] The court of appeals af-

---

1. Section 5–64–411 was amended in 2007, with subsections (a)(3) through (a)(8) being renumbered as (a)(4) through (a)(9), respec-

firmed the conviction, sentence, and enhancement. *McCraney v. State*, CACR 07–396, 2007 WL 3360023 (Ark.App. Nov. 14, 2007). Appellant then timely filed in the circuit court a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2005) and a hearing was held on the petition on March 27, 2008. The trial court denied the petition and entered an order to that effect on April 22, 2008, from which appellant has timely filed the instant ⌊₂appeal.

As grounds for relief in his original Rule 37.1 petition, appellant alleged that trial counsel was ineffective due to his failure to (1) seek a continuance when the sentence enhancement was added to the felony information the day before trial or move to strike the enhancement from the felony information, (2) investigate the facts underlying the application of the enhancement statute prior to the trial or through adequate cross-examination of the investigating officer, (3) inform appellant of the State's plea offer of a probated sentence, (4) offer a substantive defense to the charges at trial, or (5) allow appellant to testify at trial. On appeal, appellant contends that the trial court erred in denying appellant's claims and dismissing his petition, and he asks that the trial court's decision be reversed. We find no error, and we affirm.

 This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Britt v. State*, 2009 Ark. 569, 349 S.W.3d 290 (per curiam); *Davis v. State*, 366 Ark. 401, 235 S.W.3d 902 (2006) (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm

conviction that a mistake has been committed. *Anderson v. State*, 2009 Ark. 493, 2009 WL 3235533 (per curiam); *Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam).

 In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on the totality of the ⌊₂evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Small*, 371 Ark. 244, 264 S.W.3d 512. Under the *Strickland* test, a claimant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense to such an extent that the petitioner was deprived of a fair trial. *Thomas v. State*, 330 Ark. 442, 447, 954 S.W.2d 255, 257 (1997); *see also Walker v. State*, 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam).

On appeal, appellant proffers three arguments as grounds for reversal: (1) trial counsel was ineffective for failing to move for a continuance following the State's amendment of the charging information or, in the alternative, for failing to properly investigate the facts underlying the enhanced sentence prior to trial and during cross-examination at trial; (2) trial counsel was ineffective and appellant's Fifth Amendment rights were violated because trial counsel refused to let appellant testify in his own defense; (3) that the trial court erred in dismissing appellant's Rule 37.1 petition.[2]

---

tively. Thus, the relevant enhancement statute is currently found at § 5–64–411(a)(8).

**2.** On appeal, appellant does not assert all five of the aforementioned arguments from his original Rule 37.1 petition. His first point on

■ Appellant first contends that trial counsel was ineffective for failing to ask for a continuance when the felony information charging appellant with delivery of a controlled substance was amended the day before trial to include the enhanced sentence under Arkansas Code Annotated § 5-64-411(a)(7). According to appellant, because the sale to the police informant allegedly occurred on May 18, 2006, while the measurement by police of the distance between the point of sale and delivery and the church and the subsequent filing of the amended information did not take place until January 30, 2007, which was the day before trial, trial counsel should have asked the court for a continuance so that he would have time to investigate the new information. Appellant claims that the lapse in time between the sale and the measurement, when coupled with the police informant's well-known history of drug use and her participation in several other controlled buys in the area, should have caused trial counsel to question whether the informant's memory as to exactly where she purchased drugs from appellant was correct. Therefore, appellant maintains, trial counsel should have requested a continuance so that he could better ascertain the accuracy of the informant's memory as well as perform any other necessary investigation regarding the enhancement. By not asking for a continuance, appellant argues that trial counsel's performance fell below the standard in *Strickland* and amounted to ineffective assistance of counsel when appellant was prejudiced by being sentenced to an additional 120 months' incarceration.

■ Though appellant's timeline regarding the informant's controlled buy from appellant and the police officer's measurement of the distance between the church and the sale location is correct, he fails to cite any authority for the proposition that trial counsel had a duty to ask for a continuance based thereon. We need not consider an argument, even a constitutional one, when a claimant presents no citation to authority or no convincing argument in its support, and it is not apparent without further research that the argument is well taken. *See Jammett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam); *Weatherford v. State*, 352 Ark. 324, 101 S.W.3d 227 (2003).

■■ Moreover, at the Rule 37.1 hearing, trial counsel testified that he was "dismayed" that the enhancement had been added to the felony information at such a late date, because he knew the additional sentence would not be eligible for early release. Trial counsel stated that he considered asking for a continuance, but that, in his opinion, a continuance was not needed as there was no additional trial preparation to be done because the only issue was whether the sale occurred within 1,000 feet of the church. Instead, trial counsel made the tactical decision to proceed with the trial as scheduled. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37.1. *Johnson v. State*, 2009 Ark. 460, 344 S.W.3d 74. There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when

appeal is a combination of his first and second points in the original petition, and his second point on appeal was the fifth point in the original petition. All other arguments which are not raised in this appeal of the trial court's denial of relief on the original petition are waived. *See Smith v. State*, 264 Ark. 329, 571 S.W.2d 591 (1978).

viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*

As an alternative ground for ineffective assistance based on the amended felony information, appellant argues that trial counsel failed to adequately investigate the facts underlying the application of the enhancement prior to trial or to flesh them out appropriately during cross-examination. This argument is without merit. For a claim of ineffective assistance based on failure to investigate, appellant must describe how a more searching pretrial investigation would have changed the result of his trial. *See Howard v. State,* 367 Ark. 18, 34, 238 S.W.3d 24, 37 (2006). At the Rule 37.1 hearing, trial counsel testified that he spoke to the investigating officer and had no reason to believe that the officer was lying about the distance between the location of the sale and the church, thus counsel felt no need to go to the scene and re-measure the distance personally. In his appeal, appellant states only that counsel "failed to investigate the allegations other than to talk to the police officer." Such conclusory statements, wholly lacking in allegations of prejudice, fall far short of meeting the *Strickland* standard and are insufficient to warrant Rule 37.1 relief. *Id.*

Appellant's claim of ineffective assistance based on trial counsel's cross-examinations of the police informant and the investigating officer is similarly unavailing. Appellant argues that trial counsel should have tested the veracity and memory of the police informant with respect to the location of the sale, and that counsel should have objected to the investigating officer's recollection of what the informant told him as hearsay. Had counsel done these two things, appellant claims, the outcome would have been different because appellant would not have received the additional sentence. This argument provides appellant no relief in either form as he is procedurally barred from raising it on appeal.

First, we note that appellant's original Rule 37.1 petition did not contain any arguments regarding what trial counsel could have or should have asked the police informant. Accordingly, because he has raised new issues on appeal that were not presented to the trial court, we will not consider his new assignments of error pertaining to lines of questioning of the police informant that trial counsel should have pursued. *See Howard,* 367 Ark. at 33, 238 S.W.3d at 37 (citing *Fisher v. State,* 364 Ark. 216, 217 S.W.3d 117 (2005)).

With respect to counsel's cross-examination of the investigating officer, appellant urges that counsel was ineffective because the officer had no personal knowledge of the location of the sale and counsel failed to challenge the fact that the officer's testimony was based solely upon hearsay from the informant. We note, however, that the trial court found only that trial counsel did not believe the officer would commit perjury regarding the distance, that the distance was well under 1,000 feet, that appellant's sole defense at trial was that he was not at the scene and did not commit the crime, and that nothing in the record suggests that the outcome would have been different had a continuance been granted and an investigation performed. As such, appellant failed to obtain a ruling on his argument of ineffective assistance based on trial counsel's failure to adequately cross-examine the officer.

It is the obligation of an appellant to obtain a ruling from the trial court in order to preserve an issue for appellate review. *Fisher,* 364 Ark. 216, 217 S.W.3d

117; *Beshears v. State,* 340 Ark. 70, 72, 8 S.W.3d 32, 34 (2000); *see also Howard,* 367 Ark. at 31, 238 S.W.3d at 35; *Huddleston v. State,* 347 Ark. 226, 230, 61 S.W.3d 163, 167 (2001). Arkansas's rules of procedure provide an avenue for an appellant to obtain a ruling from the trial court should the court fail to rule on an issue in its initial order. Ark. R.Crim. P. 37.3 (2009); *see Beshears,* 340 Ark. at 73, 8 S.W.3d at 34. Failure to obtain a ruling precludes our review of that argument on appeal. *Beshears,* 340 Ark. at 72, 8 S.W.3d at 34; *Huddleston,* 347 Ark. at 230, 61 S.W.3d at 167. Thus, we will not consider appellant's argument of ineffective assistance based upon trial counsel's cross-examination of the investigating officer.

■ Appellant next claims that trial counsel was ineffective inasmuch as counsel violated appellant's Fifth Amendment right to testify if he so wished by refusing to allow appellant to take the stand. Further, because trial counsel did not obtain a certified copy of appellant's prior felony conviction, appellant claims that counsel could not give an informed opinion as to whether appellant should testify, and therefore appellant's uninformed decision not to testify was not an effective waiver of this right. Neither argument was raised in appellant's Rule 37.1 petition, however, and both are accordingly precluded from being raised on appeal.

In his original Rule 37.1 petition, appellant argued that counsel was ineffective because he did not let appellant testify that, at the time of the sale, appellant was at home with his children, nor did counsel call any witnesses to testify to the same. Trial counsel testified at the Rule 37.1 hearing that appellant claimed to have been in the woods with his hunting dogs at the time of the sale and that appellant readily admitted that he had no witnesses to support this claim. The trial court found that appellant knew of his right to testify, that he knowingly waived that right based on advice from counsel, and that any argument based on which alibi trial counsel should have used was a tactic or strategy outside the purview of Rule 37.1.

Appellant made no argument to the trial court based on the Fifth Amendment to the United States Constitution or case law stemming therefrom. To the extent that he now attempts to couch this argument in those terms, he is barred from doing so for the first time on appeal. *See Howard,* 367 Ark. at 33, 238 S.W.3d at 37 (citing *Fisher,* 364 Ark. 216, 217 S.W.3d 117). Neither was appellant's claim that trial counsel's failure to obtain a copy of appellant's prior conviction rendered appellant's subsequent waiver of his right to testify void presented to the trial court and, as such, it is likewise barred from being raised on appeal.[3] *Id.* Finally, appellant cited no argument in his original petition or at the hearing thereon that trial counsel had a duty to obtain a copy of appellant's prior conviction and that failure to do so constituted ineffective assistance of counsel; that argument is therefore also barred from being raised at this time.[4] *Id.*

---

**3.** While the trial court found that appellant elected not to testify on the basis of his trial counsel's advice, no argument was made by appellant in his original petition that this decision was flawed due to counsel's failure to obtain a copy of the prior conviction.

**4.** Even if we were to draw enough inferences from appellant's original Rule 37.1 petition

and hearing to find that this argument had been made to the trial court, appellant's claim would still fail, as he cites nothing to support his premise. We need not consider an argument, even a constitutional one, when a claimant presents no citation to authority or no convincing argument in its support, and it is not apparent without further research that

Appellant's final argument is that the trial court erred in dismissing his petition. Based upon our examination of the record as well as the above analysis, we find nothing that would give rise to a definite and firm conviction that a mistake has been committed. *Anderson,* 2009 Ark. 493, 2009 WL 3235533; *Small,* 371 Ark. 244, 264 S.W.3d 512. Therefore, we cannot say that the trial court's determination was clearly erroneous. *Britt,* 2009 Ark. 569, 349 S.W.3d 290; *Davis,* 366 Ark. 401, 235 S.W.3d 902. Accordingly, we affirm.

Affirmed.

the argument is well taken. *Weatherford,* 352 Ark. 324, 101 S.W.3d 227.