2010 Ark. 231

**Edward Lee CARTER, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–195.**

Supreme Court of Arkansas.

May 13, 2010.

PER CURIAM.

Edward Lee Carter was found guilty by a jury of aggravated robbery in violation of Arkansas Code Annotated § 5–12–102(a) (Repl.2006), and he was sentenced to 360 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed, and its mandate was issued on November 10, 2009. *Carter v. State*, 2009 Ark. App. 683, 2009 WL 3384382. Also on November 10, 2009, appellant filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009).[1] That petition was denied by the trial court on December 4, 2009, without an evidentiary hearing, and appellant timely filed an appeal in this court from that denial. He subsequently filed the motions for photocopying at public expense, for extension of time in which to file his brief, for access to the record, to amend his previous motion for access to the record, and to amend his motion for extension of time in which to file his brief that are now before us.

■ Before we address appellant's motions, however, we must determine whether a petition for postconviction relief is timely when it is filed on the same day that the court of appeals issues its mandate, inasmuch as a circuit court lacks jurisdiction to rule on a petition filed before the mandate is issued. *See Doyle v. State*, 319 Ark. 175, 176, 890 S.W.2d 256, 257 (1994) (per curiam) (citing *Clements v. State*, 312 Ark. 528, 851 S.W.2d 422 (1993)). We hold that it is timely.

■ Where a direct appeal is taken following a conviction, "a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the appellate court." Ark. R.Crim. P. 37.2(c) (2009); *see Tillman v. State*, 2010 Ark. 103, 2010 WL 682271 (per curiam). The time limitations in Rule 37.2(c) are jurisdictional in nature, and, where they are not met, a trial court lacks jurisdiction to grant postconviction relief. *DeLoach v. State*, 2010 Ark. 79, 2010 WL 569742 (per curiam) (citing *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989)); *see also Croft v. State*, 2010 Ark. 83, 2010 WL 569744 (per curiam). If a trial court lacks jurisdiction due to a petitioner's violation of the time limits in Rule 37.2(c), this court likewise lacks jurisdiction to reach the merits of the petition for postconviction relief on appeal. *See Lawhon v. State*, 328 Ark. 335, 942 S.W.2d 864 (1997) (per curiam).

■ The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See State v. Britt*, 368 Ark. 273, 244 S.W.3d 665 (2006)

---

1. Appellant then filed an amended Rule 37.1 petition on November 30, 2009; however appellant did not seek leave of the court to file an amended petition as required by Arkansas Rule of Criminal Procedure 37.2(e) (2010), and the trial court's order does not reflect that the amended petition was ever considered. We therefore only consider the initial Rule 37.1 petition in determining whether appellant pleaded grounds sufficient to support relief under Rule 37.1.

(quoting *Crawford v. State*, 362 Ark. 301, 208 S.W.3d 146 (2005)). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Id.* The plain meaning of the word "within," as it is used in Rule 37.2(c) is "between the beginning and end of [a period of time], in the course of, during." *The Oxford English Dictionary* (2d ed.1989) *available at* OED Online, http://dictionary.oed.com/cgi/entry/50286345 (last visited March 9, 2010). Thus, Rule 37.2(c) requires a petition for postconviction relief under Rule 37.1 to be filed between the beginning and end of the sixty-day period following the appellate court's issuance of its mandate.

 This court has held that a mandate is effective as of its date of issuance. *See, e.g., Barclay v. Farm Credit Servs.*, 340 Ark. 65, 8 S.W.3d 517 (2000). Accordingly, the trial court regains jurisdiction as of the date the mandate is issued by the appellate court rather than the date the mandate is filed in the trial court. *See generally Doyle v. State*, 319 Ark. 175, 890 S.W.2d 256 (1994) (per curiam). The purpose of Rule 37.2(c) is to impose a deadline for filing a petition under Rule 37.1; if the period for calculating that deadline begins on the day the mandate is issued, it is axiomatic that the period in which a petitioner may *file* his Rule 37.1 petition begins on the same day. Accordingly, in the instant case, appellant filed his petition for postconviction relief on the day the sixty-day limit imposed by Rule 37.2(c) began to run, and we hold that this petition was timely.

We turn, then, to appellant's motions for photocopying at public expense and for access to the record. Specifically, appellant, who claims he is indigent, seeks a copy of the brief-in-chief that his attorney filed in appellant's direct appeal, a copy of the opinion issued by the court of appeals, and a copy of the record so that he may complete his brief-in-chief, and he requests that all copies be provided at public expense.

 While we have consistently held that indigency alone does not entitle a petitioner to photocopying at public expense, *see, e.g., Gardner v. State*, 2009 Ark. 488, 2009 WL 3235627 (per curiam), we need not consider whether appellant is otherwise entitled to such copies because it is clear that appellant could not prevail on his appeal. An appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Stuart v. State*, 2009 Ark. 492, 2009 WL 3235534 (per curiam) (citing *Bunch v. State*, 370 Ark. 113, 257 S.W.3d 533 (2007) (per curiam)). Accordingly, we dismiss the appeal, and the motions are moot.

 In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Watkins v. State*, 2010 Ark. 156 (per curiam), 362 S.W.3d 910; *see Jarnett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam). Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007). Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that this deficient performance prejudiced his defense so as to deprive him of a fair trial. *Walker v. State*, 367 Ark. 523, 241 S.W.3d 734 (2006)

(per curiam). As to the prejudice requirement, a petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Watkins*, 2010 Ark. 156, 362 S.W.3d 910; *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Sparkman*, 373 Ark. 45, 281 S.W.3d 277.

Appellant raised four grounds for relief in his original Rule 37.1 petition, arguing that trial counsel was ineffective for failing to investigate the security system or speak to a store representative concerning the alleged theft at the Wal–Mart where the crime occurred, for failing to interview or call witnesses whose testimony could have impeached the testimony of the State's two witnesses, for failing to obtain and submit a surveillance video from the aforementioned Wal–Mart, and for failing to challenge the jury-selection process as not presenting a fair cross-section of the community. All four arguments are unavailing inasmuch as appellant did not demonstrate the requisite prejudice under *Strickland.*

■■■■■ Appellant's first two claims can be summarized as arguing that, had trial counsel ₆performed the allegedly omitted actions, the State could not have established that appellant was guilty of theft, and appellant would therefore also not be guilty of robbery. As was explained in the opinion on direct appeal, however, this is an incorrect statement of the law concerning aggravated robbery. In rejecting appellant's sufficiency-of-the-evidence argument, the court of appeals explained that a defendant can be convicted of robbery even if no property is actually taken because the emphasis is on the express or implied threat of physical harm to the victim. *Carter*, 2009 Ark. App. 683, at 1.

While there was substantial evidence that appellant completed a theft, the State was not required to prove the actual accomplishment of a theft, only the purpose to do so coupled with the threat made to the victim. *Id.* at 3. The threat was established by the testimony of the victim, Salli Redding, who stated that she witnessed appellant place merchandise down his pants while in the store and that, when she confronted appellant in the parking lot regarding the theft, he pulled a gun and pointed it at her. *Id.* at 2–3. Redding's testimony regarding the presence of a gun was corroborated by the State's other witness, Jessica Brewer. *Id.*

Because the State was not required to prove that the alleged theft had actually been accomplished, appellant's arguments that trial counsel was ineffective for failing to investigate the security system at Wal–Mart, for failing to talk to a Wal–Mart representative regarding the theft, and for failing to interview other alleged unnamed witnesses regarding the theft cannot provide a basis for relief. Appellant has failed to establish a reasonable probability that, had counsel performed those acts, the outcome of appellant's trial (i.e., his conviction for ₇aggravated robbery) would have been different.

■■■■■ Appellant's third argument was that trial counsel was ineffective for failing to obtain a surveillance video from Wal–Mart that would have shown appellant in the parking lot and would have shown that he did not pull a gun. In the order dismissing appellant's Rule 37.1 petition, the trial court found that part of appellant's defense strategy was to point to the lack of any video evidence that he had a firearm. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief

under Rule 37.1. *Smith v. State,* 2010 Ark. 137, 361 S.W.3d 840 (per curiam); *McCraney v. State,* 2010 Ark. 96, 360 S.W.3d 144 (per curiam); *Johnson v. State,* 2009 Ark. 460, 344 S.W.3d 74 (per curiam). There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *McCraney,* 2010 Ark. 96, 360 S.W.3d 144; *Johnson,* 2009 Ark. 460, 344 S.W.3d 74.

Here, appellant does not demonstrate that a decision to rely on the lack of positive video evidence as part of the defense to the aggravated robbery charge could not have been the result of reasonable professional judgment on the part of trial counsel. To the extent that his argument focuses on possible videotape evidence regarding whether he pulled a firearm, we note that there is an important difference between an absence of proof and actual proof of absence.[2] Even if it appeared in a surveillance video that appellant did not have a gun, the testimony of both witnesses was that appellant did in fact display one. Thus, the issue was one of witness credibility, and it would have been for the jury to resolve the conflict. The trier of fact is free to believe all or part of any witness's testimony and may resolve all questions of conflicting testimony and inconsistent evidence. *Rounsaville v. State,* 374 Ark. 356, 288 S.W.3d 213 (2008).

Judicial review of counsel's performance must be highly deferential, and a fair assessment of counsel's performance under *Strickland* requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time. *Johnson,* 2009 Ark. 460, 344 S.W.3d 74. Therefore, even if we were to assume that the video evidence appellant refers to actually exists, we cannot say that counsel's decision not to obtain the tape and, instead, to rely on the State's lack of video evidence as part of appellant's defense could not have been the result of professional judgment. This is true even if the strategy proved improvident in the end. *See Lee v. State,* 2009 Ark. 255, 308 S.W.3d 596.

Finally, appellant argues that trial counsel was ineffective for failing to challenge the jury-selection process as not presenting a fair cross-section of the community. A fair-cross-section claim asserts that a distinctive group in the community was systematically excluded from the jury pool. *Miller v. State,* 2010 Ark. 1, 362 S.W.3d 264. Appellant argues that the ratio of African Americans to Caucasians in Garland County, Arkansas, is roughly fifteen percent, which, according to appellant, means that six of the forty persons in the venire should have been African American as well. Instead, appellant asserts, the selection process is "skewed toward Caucasians who live in the Hot Springs Village," in violation of appellant's Sixth Amendment rights. Appellant does not provide any proof that the selection system is skewed, nor does he further support his argument with citation to relevant case law. The burden is entirely on the appellant to provide facts that affirmatively support his claims of prejudice; neither conclusory statements nor allegations without

---

2. To the extent appellant's argument focuses on possible videotape evidence as it relates to the theft, he cannot show prejudice for the reasons already discussed.

factual substantiation are sufficient to overcome the presumption, and they cannot form the basis of postconviction relief. *Watkins*, 2010 Ark. 156, 362 S.W.3d 910. We need not consider an argument, even a constitutional one, when a claimant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Id.*

Based on all of the foregoing, it is clear to this court that appellant could not prevail on his appeal. We therefore dismiss the appeal, and appellant's pending motions are accordingly moot.

Appeal dismissed; motions moot.