2010 Ark. 300

**Diana Nichole ROBERTSON,**
**Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–1379.**

Supreme Court of Arkansas.

June 17, 2010.

PER CURIAM.

In 2009, appellant Diana Nichole Robertson was found guilty by a jury of capital murder, aggravated robbery, and arson. An aggregate sentence of life imprisonment without parole was imposed. We affirmed. *Robertson v. State,* 2009 Ark. 430, 347 S.W.3d 460.

On November 9, 2009, appellant filed in the trial court the following pro se pleadings: two petitions for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37.1 (2010); two motions for transcript for Rule 37.1 proceedings; a motion for reconsideration of order entered July 25, 2009; a petition for reduction of sen-

tence pursuant to Arkansas Code Annotated § 16–90–111 (Repl.2006); a petition to correct sentence imposed in an illegal manner pursuant to § 16–90–111. The trial court denied all seven pleadings in one order. Appellant lodged an appeal here and now seeks by motion an extension of time to file her brief-in-chief.

We do not address the merits of the motion because it is clear from the record that appellant could not prevail on appeal. Accordingly, the appeal is dismissed, and the motion is moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Carter v. State,* 2010 Ark. 231, 364 S.W.3d 46 (per curiam); *Goldsmith v. State,* 2010 Ark. 158, 2010 WL 1253187 (per curiam); *Watkins v. State,* 2010 Ark. 156, 362 S.W.3d 910 (per curiam); *Meraz v. State,* 2010 Ark. 121, 2010 WL 844885 (per curiam); *Smith v. State,* 367 Ark. 611, 242 S.W.3d 253 (2006) (per curiam).

### *First and Second Petitions Pursuant to Rule 37. 1*

Appellant filed two Rule 37.1 petitions, but the court correctly considered only the first one filed. All grounds for postconviction relief must be raised in the original petition filed in the trial court, and there may be no subsequent Rule 37.1 petition unless the first petition was denied without prejudice. Ark. R.Crim. P. 37.2(b) (2010); *Kemp v. State,* 2009 Ark. 631, 2009 WL 4876473 (per curiam); *McCuen v. State,* 328 Ark. 46, 941 S.W.2d 397 (1997); *Ruiz v. State,* 280 Ark. 190, 655 S.W.2d 441 (1983) (per curiam). The second petition filed appears to have repeated the claims raised in the first. Nevertheless, as the court denied the first petition without granting leave for a second petition to be considered, the court was not required to address the second petition in any way.

In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Carter,* 2010 Ark. 231, 364 S.W.3d 46; *Watkins,* 2010 Ark. 156, 362 S.W.3d 910; *see Jammett v. State,* 2010 Ark. 28, 358 S.W.3d 874 (per curiam). Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *State v. Barrett,* 371 Ark. 91, 263 S.W.3d 542 (2007). Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. *Walker v. State,* 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam). With respect to the requirement that prejudice be established, a petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Watkins,* 2010 Ark. 156, 362 S.W.3d 910; *Sparkman v. State,* 373 Ark. 45, 281 S.W.3d 277 (2008). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Sparkman,* 373 Ark. 45, 281 S.W.3d 277.

Appellant divided the Rule 37.1 petition into six sections, but many of the allegations overlap, and allegations of ineffective assistance of counsel are raised throughout. After a review of all assertions in the entire petition, it is clear that appellant failed to provide factual substantiation for the claims of ineffective assis-

tance of counsel sufficient to demonstrate that the defense was prejudiced by any particular conduct on the part of counsel. The allegations are conclusory in nature without explanation of how any act of counsel prejudiced the [4]defense. As an example, appellant contended that counsel did not communicate with her sufficiently prior to trial, but she does not point out what any further communication would have produced that would have changed the outcome of the trial. She also alleged that counsel did not object to hearsay testimony or see to it that the jury was instructed on lesser-included offenses without citing the grounds on which counsel could have made a meritorious objection to hearsay or the grounds for a jury instruction on a lesser-included offense. Without a showing that counsel's alleged errors were prejudicial, such claims are not grounds for relief under Rule 37.1. *Carter,* 2010 Ark. 231, 364 S.W.3d 46 (citing *Watkins,* 2010 Ark. 156, 362 S.W.3d 910). Furthermore, conclusory claims of ineffective assistance of counsel, no matter how numerous, do not add up to a showing of incompetence of counsel under the *Strickland* standard. Where, as in the case before us, a convicted defendant alleges many instances of ineffective assistance of counsel, at least one error standing alone must meet the standard of *Strickland* for the defendant to be successful. *See Polivka v. State,* 2010 Ark. 152, 362 S.W.3d 918 (per curiam). This court does not recognize an ineffective-assistance-of-counsel claim based on the cumulative effect of counsel's errors. *Echols v. State,* 354 Ark. 530, 127 S.W.3d 486 (2003); *Huddleston v. State,* 339 Ark. 266, 5 S.W.3d 46 (1999).

We note that appellant cited several disciplinary rules governing the conduct of attorneys, alleging that her counsel violated those rules. Unless there is a showing that violating a particular rule rendered counsel ineffective within the guidelines of *Strickland,* however, there can be no finding of ineffective assistance of counsel that warrants granting [5]postconviction relief. *Greene v. State,* 356 Ark. 59, 146 S.W.3d 871 (2004).

There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *McCraney v. State,* 2010 Ark. 96, 360 S.W.3d 144 (per curiam) (citing *Johnson v. State,* 2009 Ark. 460, 344 S.W.3d 74). Appellant fell short of meeting her burden of demonstrating that counsel was ineffective.

In addition to contending that her attorney was ineffective, appellant argued in conclusory fashion that she was denied due process of law and a fair trial on the grounds that her arrest was illegal, that the prosecution asked leading questions and withheld evidence from the defense, that she was not allowed personal access to evidence, and that the prosecution and the court allowed witnesses to give perjured testimony. She further contended that the trial court made errors by admitting certain evidence and permitting jurors to sit on the jury who had served on juries in similar cases within the previous two years. She also argued that some witnesses were not credible and that the evidence adduced at trial was insufficient to sustain the judgment of conviction. All of the claims could have been, or were, raised at trial. Allegations of trial error that could have been raised at trial or on appeal may not be raised in Rule 37.1 proceedings. *Viveros v. State,* 2009 Ark. 548, 2009 WL 3681672 (per curiam); *Taylor v. State,* 297 Ark. 627, 764 S.W.2d 447 (1989) (per curiam). An issue already set-

tled at trial or on direct appeal does not provide a ground of postconviction relief.[1] *Hunes v. State*, 2010 Ark. 70, 2010 WL 502969 (per curiam); *O'Rourke v. State*, 298 Ark. 144, 765 S.W.2d 916 (1989) (per curiam); *Swindler v. State*, 272 Ark. 340, 617 S.W.2d 1 (1981) (per curiam). Likewise, an assertion that is a direct challenge to the sufficiency of the evidence is not cognizable under Rule 37.1. *Bell v. State*, 2010 Ark. 65, 360 S.W.3d 98 (per curiam); *see Sanford v. State*, 342 Ark. 22, 25 S.W.3d 414 (2000) (citing *O'Rourke*, 298 Ark. 144, 765 S.W.2d 916).

■ Appellant further contended in the Rule 37.1 petition that she was mentally incompetent but was not given a psychiatric examination. As support for the claim that her mental condition was a ground for Rule 37.1 relief, appellant recited her history of mental problems, the fact that she was pregnant and emotionally fragile at trial, and a history of being abused by her co-defendant.

A petitioner who asserts incompetence for the first time in a petition for postconviction relief has the heavy burden of demonstrating with facts that he or she was not competent at the time of trial. *Matthews v. State*, 332 Ark. 661, 966 S.W.2d 888 (1998) (per curiam). Even though a petitioner can document a history of mental illness or show that counsel could have argued incompetence, that showing, without more, is not sufficient to support postconviction relief. *See Henry v. State*, 288 Ark. 592, 708 S.W.2d 88 (1986). Here, appellant only provided conclusory statements without substantiation that did not demonstrate any error on the part of coun-

sel or the court that would warrant postconviction relief.

■ Finally, appellant contended that there was prosecutorial misconduct at her trial. Claims of prosecutorial misconduct are not cognizable in Rule 37.1 proceedings. *Dunlap v. State*, 2010 Ark. 111, 2010 WL 746185 (per curiam) (citing *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006)).

### Motions for Transcript for Rule 37. 1 Proceedings

■ Appellant filed two motions seeking a copy at public expense of the transcript of her trial to support the allegations contained in the Rule 37.1 petitions that she had filed. The only ground for the motions was "see attached," an apparent reference to the allegations contained in the Rule 37.1 petitions. Even if the court went outside the motions for transcript and considered the claims in the Rule 37.1 petitions, which it was not obligated to do, appellant did not state a compelling need for a copy of the transcript inasmuch as there was no ground to grant relief under the rule. Unless a petitioner under the rule can cite a compelling need for a copy of the transcript, the trial court is not obligated to grant a motion for transcript. *See Norris v. State*, 2010 Ark. 230, 2010 WL 1932197 (per curiam).

### Petitions for Reduction of Sentence and for Correction of an Illegal Sentence Pursuant to Arkansas Code Annotated § 16–90–111

■ In the two petitions for relief filed by appellant pursuant to Arkansas Code Annotated § 16–90–111, appellant

---

1. Appellant argued on direct appeal that the trial court erred in declining to instruct the jury on the affirmative defense of duress with respect to the charge of capital murder; that the trial court erred by declining to suppress her December 5, 2007 videotaped statement and any evidence obtained from it because she had invoked her right to counsel before the statement was made; and that the trial court erred in allowing the State to introduce inadmissible hearsay evidence.

also referred to "see attached" as the grounds for the petitions. The appellant thus appears to have desired the court to consider the claims raised under Rule 37.1 as the bases for granting the petitions under the statute. Arkansas Code Annotated § 16–90–111 has been superseded to the extent that it conflicts with the time limitations for postconviction relief under Rule 37.1. *DeLoach v. State,* 2010 Ark. 79, 2010 WL 569742 (per curiam) (citing *Womack v. State,* 368 Ark. 341, 245 S.W.3d 154 (2006) (per curiam)). A claim that a sentence is illegal must be raised in a petition filed in the trial court within sixty days of the date the mandate is issued following affirmance of the judgment in accordance with Rule 37.2(c). *See Reed v. State,* 317 Ark. 286, 878 S.W.2d 376 (1994). The time limits set out in Rule 37.2(c) are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition for postconviction relief. *Maxwell v. State,* 298 Ark. 329, 767 S.W.2d 303 (1989).

*Motion for Reconsideration*

With respect to the "motion for reconsideration" filed by appellant on November 9, 2009, it appears that it was intended to be in the nature of a motion for new trial. While the motion referred to an order entered July 25, 2009, there was no order in the record entered on that date. Appellant was, however, found guilty on July 25, *2008,* and the allegations in the motion for reconsideration pertained to trial error and ineffective assistance of trial counsel, making it likely that she intended for the motion to pertain to her conviction. If so, Rule 33.3(b) of the Arkansas Rules of Criminal Procedure (2010) required that a motion for new trial be brought within thirty days of the date the judgment was entered. The motion was not timely filed, and thus merited no action by the court.

*See Britt v. State,* 2009 Ark. 569, 349 S.W.3d 290 (per curiam).

Appeal dismissed; motion moot.

CORBIN, J., not participating.