2012 Ark. 277

**Brian T. JORDAN, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–1209.**

Supreme Court of Arkansas.

June 21, 2012.

Rehearing Denied Aug. 14, 2012.

Marjorie E. Rogers, James Law Firm, Little Rock, for Appellant.

Dustin McDaniel, Atty. Gen., Valerie Glover Fortner, Asst. Atty. Gen., for Appellee.

DONALD L. CORBIN, Justice.

Appellant Brian T. Jordan appeals the order of the Benton County Circuit Court convicting him of rape and sentencing him as a habitual offender to life imprisonment. Jordan raises two issues on appeal: (1) the circuit court erred in allowing highly prejudicial prior offenses into evidence in violation of Ark. R. Evid. 609; (2) he is entitled to a new trial because comments made by the circuit court to the jury and to the victim, in violation of Ark. R.Crim. P. 35.1, indicated that the circuit court was biased against him. Our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(a)(2) (2011). We find no error and affirm.

As Jordan does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. On February 27, 2010, the Benton County Sheriff's Department received a call that a seventy-five-year-old female had been sexually assaulted in her home. The victim, N.B., identified her attacker as Appellant, a former neighbor who had recently begun visiting her. Jordan was subsequently arrested and charged as being a habitual offender and with one count of rape in violation of Ark.Code Ann. § 5–14–103 (Supp.2011).[1]

Before trial, Jordan filed a motion in limine seeking to prevent the introduction of his prior felonies, which included convictions for first-degree carnal abuse of a six-year-old child, arson, terroristic threatening, and failure to register as a sex offender. In his motion, Jordan asserted that any prior felony convictions were irrelevant and, thus, inadmissible under Ark. R. Evid. 401 and 402. Alternatively, Jordan argued that, even if the convictions were deemed relevant, their prejudicial effect outweighed their probative value and should have been excluded under Ark. R.

Evid. 403, and constituted unfair evidence of bad character in violation of Ark. R. Evid. 404. The circuit court held a hearing on the motion. This hearing focused on the issue of the admissibility of the prior convictions pursuant to Rule 609 if Jordan chose to testify at trial. Jordan reiterated his argument that the prior convictions were too prejudicial to be brought in even for impeachment purposes. The State countered that the prior convictions were highly probative in a case such as this one that involved the word of the victim versus the word of Jordan, because Jordan's credibility would be a central issue. At the conclusion of the hearing, the court announced that it was inclined to grant the motion in limine because of the potential for unfair prejudice but reserved ruling on the issue until the State filed a brief in response. Thereafter, on the day of trial, the circuit court ruled that the State would be allowed to impeach Jordan's credibility with his prior convictions if he chose to testify at trial because credibility would be an issue because his defense was that the victim offered to pay him to have sex with her.

Jordan was tried before a Benton County jury on April 27–28, 2011. He did take the stand in his own defense. During his direct examination, Jordan admitted that he had four prior felony convictions. The jury found Jordan guilty and sentenced him as set forth above. He now brings the instant appeal.

As his first point on appeal, Jordan argues that the circuit court erred in allowing highly prejudicial prior offenses to be introduced into evidence in violation of Rule 609. Jordan bases his allegation of error on the contention that the circuit court did not balance the probative value

---

1. Jordan was also charged with one count of witness bribery and one count of intimidating a witness, but the State nol-prossed those charges.

of the evidence versus its prejudicial effect but instead adopted a bright-line rule in allowing the convictions into evidence. Jordan further argues that, even if the circuit court did engage in the proper analysis, it erred in concluding that the prior convictions were more probative than prejudicial. Finally, Jordan argues that the circuit court erred in allowing a far more in-depth inquiry into the convictions than Rule 609(a)(1) permits. .

The State counters that Jordan's argument is without merit because the circuit court correctly weighed the evidence and acted thoughtfully and entered its decision with care. Moreover, the State asserts that the circuit court correctly determined that the probative value of the prior convictions outweighed any unfair prejudice. Alternatively, the State argues that any error in admitting evidence of the prior conviction was harmless. Finally, the State avers that the specifics about the prior convictions were elicited by Jordan's counsel during direct examination and, thus, Jordan cannot now complain of error that he invited.

 |₄This court has held that a circuit court has considerable discretion in determining whether the probative value of prior convictions outweighs their prejudicial effect under Rule 609, and that decision will not be reversed absent a manifest abuse of discretion. *E.g., Ellis v. State,* 2012 Ark. 65, 386 S.W.3d 485; *Turner v. State,* 325 Ark. 237, 926 S.W.2d 843 (1996). The admissibility of the prior convictions must be decided on a case-by-case basis. *Id.* When a defendant chooses to testify, this court has consistently permitted prior convictions to be used for impeachment purposes, even where those convictions are similar to the charge or charges before the court. *Id.* Factors to consider in making the probative prejudicial analysis include the impeachment value of the prior crime,

the date of the conviction and the witness's subsequent history, the similarity between the prior conviction and the crime charged, the importance of the defendant's testimony, and the centrality of the credibility issue. *Strong v. State,* 372 Ark. 404, 277 S.W.3d 159 (2008); *Schalski v. State,* 322 Ark. 63, 907 S.W.2d 693 (1995).

Rule 609 governs impeachment of witnesses and provides in relevant part:

· For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

Ark. R. Evid. 609(a) (2011). Jordan does not challenge the admissibility of evidence regarding his prior convictions for arson and terroristic threatening. Likewise, he does not challenge the timeliness of the convictions for carnal abuse and failure to register or that they were felonies punishable by more than one year of imprisonment. His challenge is that the |₅circuit court did not conduct the proper Rule 609(a)(1) analysis or, alternatively, erred in concluding that the probative value of the prior convictions outweighed their prejudicial effect.

 We turn first to Jordan's assertion that the circuit court failed to conduct the proper inquiry, and it is readily apparent that this argument is without merit. The record demonstrates that the circuit court properly balanced the probative value versus the prejudicial effect in considering Jordan's assertion that the prior convictions were not admissible. In fact, in ruling that the State would be allowed to

introduce the prior convictions, the court explained:

> I agree with you that to admit—to allow the State to impeach Mr. Jordan with these priors, specifically the nature of the priors, would be highly prejudicial. Of course, any evidence they have they hope will be highly prejudicial in order to get a conviction. However—and I indicated the other day I thought that to allow the State to utilize this information would, in essence, destroy Mr. Jordan's credibility. However, the case law supports the prosecutor one hundred percent. I've got to follow the law. This is a he said/she said on a serious charge of Rape, and the case law is clear. I've got to make a—I've got to make a balance here, I've got to make a balancing test, and where it's a he said/she said on the case of this nature, the case law one hundred percent backs the prosecutor that they can go into the exact nature of the priors. It's a credibility issue. The law specifically allows a person to be impeached with felony crimes when they testify. It's Mr. Jordan's choice to testify. But I've got to follow the law, Mr. Jordan, and I will.

> (Mr. Jordan nodded head.)

> THE COURT: So the, uh, in my opinion, when you consider that credibility plays such a heavy role in this, uh, in these issues, I think that I have to follow the law that says where that's the case the State will be allowed to state the very nature and the specifics of the charge. And so I will.

As we explained in *Ellis*, 2012 Ark. 65, 386 S.W.3d 485, Rule 609 is satisfied as long as it is clear from the record that the circuit court determined that the probative value outweighed the potential for unfair prejudice. That is precisely what the circuit court did in this case; therefore, Jordan's argument on this point fails.

Now, we must turn to Jordan's assertion that, even if the circuit court engaged in the proper inquiry, it still erred in concluding that the prior convictions were admissible. This court has previously discussed the propriety of a circuit court allowing the State to cross-examine a defendant, who chooses to take the stand in his own defense, about his prior felony convictions. In *Turner*, 325 Ark. 237, 926 S.W.2d 843, this court rejected an appellant's argument that the allowance of such cross-examination was in error. In so doing, we noted that because the appellant had testified, his credibility was a central issue in the case and, viewed in that light, his prior convictions were extremely probative. *Id.* This court held, as a result, that the circuit court did not abuse its discretion in permitting inquiry into the prior convictions. *Id.* Furthermore, this court took the opportunity to overrule its prior decision in *Jones v. State*, 274 Ark. 379, 625 S.W.2d 471 (1981), where the court had held that the probative value of a prior rape conviction, similar in nature to the crime for which the appellant was standing trial, was scant as compared to the great potential for prejudice. Thus, the *Turner* court concluded that there was no justification for disallowing the use of crimes, even ones of a unique nature, for the purposes of attacking the credibility of a defendant who takes the stand. *Id.*

Here, it was undisputed that credibility was a central issue, as Jordan's defense was that he did not rape N.B., rather that she offered him $100 to have sex with her. We recently reiterated that where the evidence in a case consists of witness or victim testimony and the testimony of the accused, we steadfastly hold that the accused's credibility is critical; therefore, prior convictions are highly probative. *Ellis*, 2012 Ark. 65, 386 S.W.3d 485. Moreover, the convictions for carnal abuse of a

child and failure to register, while sexually related offenses, differed from the offense charged here, rape of a seventy-five-year-old woman, thus lessening any potential prejudice. Accordingly, we cannot say that the circuit court abused its discretion in finding that the prior convictions were more probative than prejudicial and, thus, admissible pursuant to Rule 609.

▮ We turn now to the issue of the introduction of the specific nature of Jordan's prior convictions that he challenges on appeal. Prior to trial, Jordan filed a motion in limine asserting that the prior convictions were not admissible character evidence, pursuant to Rules 401, 402, 403, and 404. Then, in a hearing on the motion, counsel argued that the convictions were not admissible, even if Jordan chose to testify, pursuant to Rule 609 because their prejudicial effect outweighed their probative value. To the contrary, the State argued that not only were the convictions admissible but also the nature of the offenses was admissible. In ruling in favor of the State, the circuit court stated that the State would be allowed to delve into the nature of the offenses. Jordan never argued a contrary position or objected to the circuit court's ruling regarding the admissibility of the nature of the offenses. Thus, Jordan's argument on appeal that the circuit court erred in allowing the State to elicit specific information about the nature of the offenses is being raised for the first time on appeal. The general rule is that this court does not consider arguments raised for the first time on appeal. *Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55. Even in a case in which a sentence of life imprisonment has been imposed, the appellant is bound by the scope of the argument he or she made at the trial level. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. Accordingly, we are precluded from addressing this argument.

As his remaining point on appeal, Jordan argues that he did not receive a fair trial because the circuit court was biased and prejudiced against him as demonstrated by his violation of Ark. R.Crim. P. 35.1. Specifically, Jordan contends that the circuit court improperly praised the jury's verdict and thanked the victim of the offense for being brave and for seeking justice. The State counters that Jordan did not properly object below and is thus precluded from raising this argument on appeal. Alternatively, the State argues that the circuit court's comments did not violate either Rule 35.1 or any of the judicial canons.

Rule 35.1 governs "Judicial comment on verdict" and provides as follows:

> While it is appropriate for the court to thank the jurors at the conclusion of a trial for their public service, such comments shall not include praise or criticism of their verdict.

Ark. R.Crim. P. 35.1 (2011). The comments now challenged by Jordan were made by the circuit court just prior to the court's dismissal of the jury. The circuit court, in thanking the jurors for their service, stated as follows:

> THE COURT: Ladies and gentlemen of the jury, I thank you for your service to this community. I'm satisfied that [N.B.] thanks you and appreciates your efforts. I think that even though this was a hard, tough case, rough subject matter, it also is—it shows you what the real world is made out of, and it shows you how brave a person such as [N.B.] has to be in order to get justice. And it was clear to everybody that, uh, and there's no question at this time that she's a very religious, upright person, raised a family well, and lived a good life and then suffered a terrible crime. But

she showed courage to come in here and, uh, and give her story in a very detailed and, I thought, compelling manner. And so I appreciate your willingness to serve in this case.

 |₉It is apparent from the record that at no time did Jordan object during the circuit court's statements. We therefore agree with the State that Jordan's Rule 35.1 argument is not preserved for our review. The law is well settled that to preserve an issue for appeal, a defendant must object at the first opportunity, and a motion for mistrial must likewise be made at the first opportunity. *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325. The reason behind this rule is that a circuit court should be given an opportunity to correct any error, perhaps before any prejudice occurs. *Id.* Because Jordan did not object at the time the circuit court made the statements to the jury, we will not address his argument on appeal.

The record in this case has been reviewed for reversible error pursuant to Ark. Sup.Ct. R. 4–3(i) (2011), and none has been found.

Affirmed.