SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–373

| | | |
|---|---|---|
| | | **Opinion Delivered** January 22, 2014 |
| ALLEN HENSON | | |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. CR–11–365] |
| V. | | |
| | | HONORABLE BOBBY D. MCCALLISTER, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED |

## BRANDON J. HARRISON, Judge

Allen Henson was convicted by a Saline County jury of raping his stepdaughter. The circuit court sentenced him to forty years in the Arkansas Department of Correction. On appeal, Henson argues that the court mistakenly allowed the jury to hear about his prior convictions without first evaluating the probative value versus prejudicial impact as required by Rule 609 of the Arkansas Rules of Evidence. We affirm.

A circuit court has considerable discretion in determining whether the probative value of prior convictions outweighs their prejudicial effect under Rule 609, and that decision will not be reversed absent a manifest abuse of discretion. *Jordan v. State*, 2012 Ark. 277, 412 S.W.3d 150. The admissibility of the prior convictions must be decided on a case-by-case basis. *Id.* When a defendant chooses to testify at trial, as Henson did, our supreme court has consistently permitted prior convictions to be used for impeachment purposes, even where those convictions are similar to the charge or charges before the court. *Id.* But an inquiry

into past crimes is not unlimited. *See, e.g., Floyd v. State*, 278 Ark. 342, 645 S.W.2d 690 (1983) (holding that when the accused takes the stand the jury can be made aware of the number and nature of prior convictions within the restrictions of Rule 609, but that some impermissible details must remain undisclosed). Factors a circuit court must consider when making the probative-prejudicial analysis include the impeachment value of the prior crime, the date of the conviction and the witness's subsequent history, the similarity between the prior conviction and the crime charged, the importance of the defendant's testimony, and the centrality of the credibility issue. *Jordan, supra.*

Rule 609, which governs how and when a defendant may be impeached by prior convictions, provides in part:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

Ark. R. Evid. 609(a) (2013). Henson's appeal is rather narrow. He does not challenge the admissibility of evidence regarding his prior convictions for terroristic threatening. He does not challenge the timeliness of the terroristic-threatening convictions or that they were felonies punishable by more than one year of imprisonment. His appeal instead focuses on the point that the circuit court did not conduct the proper Rule 609(a)(1) analysis or, alternatively, mistakenly concluded that the probative value of the prior convictions outweighed their prejudicial effect.

First, Henson's assertion that the circuit court failed to conduct the proper inquiry.

The following discussion was held between the court and counsel:

MS. MERRITT:    I would basically stand on the motion in that, you know, he pled guilty to two counts of terroristic threatening in '08. He served 18 months and was discharged. Those threats had nothing to do with untruthfulness. We'd simply ask that, you know, if he were to testify that they not be able to go into those, because it's not a crime of dishonesty.

. . . .

MS. BUSH:    Your honor, the standard is not just a crime of dishonesty. It's a felony conviction. And while I would agree that the Court has to weigh the probative value versus the prejudicial effect, clearly it is relevant and pertinent to the jury if they know in judging his credibility that he has been found guilty of two counts of terroristic threatening. I agree that it would not be fair to lead the inference that the victims in this case were the victims of the terroristic threatening, because as I understand it, they were not. And we would agree if we come to some stipulation with regard to how to word that, then I would be agreeable to that. But I think that the convictions are definitely admissible insofar as impeachment.

. . . .

THE COURT:    Okay. I think it's very clear that there's two separate prongs with regard to previous convictions under the law in the state of Arkansas. The Courts have consistently held that those that have been convicted of a felony crime [are] "less trustworthy" in the eyes of the State of Arkansas and the case law in the convictions for terroristic threatening being less than 10 years old are clearly admissible for the purpose of credibility and impeachment.

Although the circuit court did not explicitly state that the prior crimes were more

probative than prejudicial under Rule 609, the record shows that the court made the required

determination. The prosecutor described the test under the rule as "probative value versus

prejudicial effect." As explained in *Ellis v. State*, 2012 Ark. 65, 386 S.W.3d 485, Rule 609 is satisfied when it is clear from the record that the circuit court determined that the probative value outweighed the potential for unfair prejudice. That is what the circuit court did in this case.

We turn to Henson's assertion that, even if the circuit court did make the proper inquiry, it still erred in concluding that the prior convictions were admissible. Our supreme court has previously discussed the propriety of a circuit court allowing the State to cross-examine a defendant, who chooses to take the stand in his own defense, about his prior felony convictions. In *Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996), the supreme court rejected Turner's argument that allowing such cross-examination was an error. In so doing, the supreme court noted that because Turner had testified, his credibility was central to the case and, viewed in that light, his prior convictions were extremely probative. *Id.* Consequently, the circuit court did not abuse its discretion in permitting inquiry into the prior convictions. *Id.*

Here, credibility was a central issue because Henson's defense was that he did not rape his stepdaughter and that her contrary allegation was not true. The supreme court recently reiterated that where the evidence in a case consists of witness or victim testimony and the testimony of the accused, the accused's credibility is critical; therefore, prior convictions are highly probative. *Ellis*, *supra*. The circuit court made its ruling after hearing arguments from both the prosecutor and Henson's counsel regarding the probative-versus-prejudicial nature of his prior convictions. We cannot say that the court abused its discretion in finding that the

4



prior convictions were more probative than prejudicial and therefore admissible.

Affirmed.

GRUBER and WOOD, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.