

# SUPREME COURT OF ARKANSAS

**No.** CR-13-1106

| | |
|---|---|
| ANTHONY O. CRAIGG<br><br>                 APPELLANT<br><br>v.<br><br>STATE OF ARKANSAS<br><br>                 APPELLEE | **Opinion Delivered** February 13, 2014<br><br>PRO SE MOTIONS FOR APPOINTMENT OF COUNSEL, TO STAY APPEAL, AND TO REINVEST JURISDICTION IN THE TRIAL COURT [WASHINGTON COUNTY CIRCUIT COURT, 72CR-11-986]<br><br>HONORABLE WILLIAM A. STOREY, JUDGE<br><br>APPEAL DISMISSED; MOTION TO REINVEST JURISDICTION IN THE TRIAL COURT DENIED; MOTIONS FOR APPOINTMENT OF COUNSEL AND TO STAY APPEAL MOOT. |

## PER CURIAM

In 2011, petitioner Anthony O. Craigg was found guilty by a jury of rape and was sentenced as a habitual offender to life imprisonment without parole. This court affirmed. *Craigg v. State*, 2012 Ark. 387, ___ S.W.3d ___.

Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011), alleging that he had not been afforded effective assistance of counsel.[1] The trial court denied the petition after holding an evidentiary hearing, and appellant timely lodged this appeal. Now before us are appellant's motions for appointment of counsel, to stay the appeal, and to reinvest jurisdiction

---

[1] Appellant filed an amended petition without obtaining leave of the trial court to do so as required by Rule 37.2(e). Nevertheless, appellant was allowed by the trial court to address in the evidentiary hearing any issue contained in the amended petition that he desired to raise.

SLIP OPINION

in the trial court to consider issues not addressed in the order.

With respect to the motion to reinvest jurisdiction in the trial court, if there were issues that were not addressed by the trial court in its order, appellant was obligated to obtain a ruling on the claims before proceeding with an appeal from the order. *Hogan v. State*, 2013 Ark. 223 (per curiam) (citing *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam)). The record on appeal reflects that appellant filed several motions to obtain a ruling on unresolved issues at the same time that he filed his notice of appeal. Those motions were denied by the court but not until after the notice of appeal had been filed. Appellant then filed a motion to set aside the order that had denied the Rule 37.1 petition. The motion was denied on the basis that a notice of appeal had been filed in the matter.

In situations where an appellant has filed a valid, timely request for a ruling on an omitted issue in a Rule 37.1 proceeding, the time for filing a notice of appeal is extended in a manner similar to the extension allowed for filing a notice of appeal after a posttrial motion. *See* Ark. R. App. P.–Crim. 2(b) (2013). The holding is limited to those situations in which the trial court is specifically asked in a timely filed motion to rule on an unresolved issue raised in the Rule 37.1 petition. In doing so, we recognized a very narrow exception to the rule of finality of the judgment in an order denying Rule 37.1 relief that is necessary because the failure to obtain a ruling on an omitted issue precludes this court from review on appeal. *See Robbins v. State*, 2010 Ark. 312 (per curiam); *Lewis v. State*, 2012 Ark. 355, ___ S.W.3d ___ (per curiam). Here, appellant could have filed his motions for a ruling on omitted issues and awaited action by the court on them or filed an amended notice of appeal after the motions had been acted on by

SLIP OPINION

court; instead, he chose to proceed with an appeal of the original order. He did not conform to the prevailing rules of procedure with respect to appealing the order or obtaining action on the issues alleged to have been omitted, and this court will not reinvest jurisdiction in the trial court to consider those issues now.

As to the other motions filed in this appeal, we need not consider the merits of the motions because it is clear from the record that appellant could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Jordan v. State*, 2013 Ark. 469 (per curiam); *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam). Accordingly, the appeal is dismissed, and the motions are moot.

A review of the petition and the order reveals no error in the trial court's decision to deny relief. When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner



raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both

SLIP OPINION

components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

A summary of the facts of the case is helpful to understanding the allegations of ineffective assistance of counsel contained in the Rule 37.1 petition. The State alleged that appellant engaged in oral sex with a fourteen-year-old victim who was physically helpless in that he was asleep and unable to consent, in violation of Arkansas Code Annotated section 5-4-103(a)(2) (Repl. 2006). The State further contended that appellant was a habitual offender whose prior convictions included a felony conviction from Oklahoma for lewd molestation of a four-year-old child. The victim, J.P., said that he and appellant decided to go camping. They set up a campsite at a wooded area that was not visible from nearby roads. At some point, J.P. fell asleep and awoke to find appellant performing oral sex on him. J.P. struck petitioner in the face with his knee and fled.

Counsel for petitioner claimed in a pretrial hearing that the prior conviction from Oklahoma was inadmissible under Arkansas Rule of Evidence 404(b) (2013), arguing that the prior conviction did not fall within any exception to Rule 404(b) because it had no independent relevance to the crime charged. He further contended that the pedophile exception was inapplicable because there was insufficient similarity between the two incidents, a significant amount of time had passed since the first incident, and there was no evidence that petitioner had an intimate relationship with either victim.[2] The motion was denied.

---

[2]There was evidence at trial with respect to the Oklahoma conviction that appellant, who was visiting the four-year-old victim's home, began playing dolls with the victim in her bedroom. The State charged that, during the play session, appellant pulled down the child's pants and

SLIP OPINION

As his first claim of ineffective assistance of counsel, appellant alleged that his trial attorney failed to investigate the prior offense and obtain a transcript of the proceedings in the case. He contended that counsel should have put on testimony to show that the Oklahoma offense was not relevant and that counsel should have moved for mistrial when proof of the prior offense was introduced into evidence. He failed, however, to demonstrate that there was any specific information that counsel could have acquired from the transcript of the Oklahoma proceeding to produce a different outcome. In brief, petitioner argued that counsel could have done more without providing any basis on which counsel could have challenged the introduction of the prior conviction. The allegation was not supported by facts sufficient to establish that appellant was prejudiced by counsel's conduct to the extent that there is a reasonable probability that, but for counsel's error, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the error. A conclusory claim is not a ground for postconviction relief. *Munnerlyn v. State*, 2013 Ark. 339 (per curiam); *Glaze v. State*, 2013 Ark. 141 (per curiam). The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Thacker v. State*, 2012 Ark. 205 (per curiam); *Jones v. State*, 2011 Ark. 523 (per curiam); *Payton v. State*, 2011 Ark. 217 (per curiam).

Appellant next contended that his attorney failed to interview the prospective trial witnesses to learn what their testimony would be and share that information with him. He

---

performed oral sex on the child. Appellant was charged under a statute that provided that it was a felony to knowingly and intentionally look upon, touch, maul, or feel the body or private parts of a child under sixteen in a lewd and lascivious manner. Appellant entered a plea of guilty to the charge in 1995 and was sentenced to twenty years' imprisonment with ten years suspended.

SLIP OPINION

alleged that, had he had that information, he would have been able to prepare to defend "against testimony that had nothing to do with guilt." Without further explanation, appellant asserted that counsel's conduct led to the prosecutor's questioning a detective about "his own family experience and crying on the stand" so that the jury was caused to think that the detective was a victim too. The record lodged on direct appeal from the judgment-and-commitment order reveals that a detective testified that he had learned that the victim had Asperger syndrome and that the detective became emotional when he said that his nephew also suffered from the syndrome. Counsel objected to the testimony and moved for a mistrial. The trial court denied the motions but admonished the jury that the witness's demeanor should not be considered in its deliberations. Counsel also renewed his request for a mistrial and moved for a directed verdict. It is evident that counsel challenged the evidence concerning Asperger syndrome, and appellant did not explain in his petition what information counsel could have gleaned from interviews with prospective witnesses that would have been beneficial to the defense or otherwise articulate how counsel's failure to interview witnesses prejudiced the defense with respect to testimony of the detective or any other witness. As a result, the allegation fell short of establishing that counsel was ineffective under the *Strickland* standard.

In his third claim of ineffective assistance of counsel, appellant faulted counsel for not objecting or moving for a mistrial when the State put on testimony by the victim's counselor that the victim had Asperger syndrome. Appellant argued that the witness who was testifying did not make the diagnosis and that there was no testimony to confirm the diagnosis. Appellant did not demonstrate that counsel was ineffective because he did not show that there was any basis on

which to challenge the witness's testimony. Again, the allegation was conclusory in nature, and conclusory claims are not a ground for postconviction relief under the Rule.

In his next allegation, appellant contended that counsel did not conduct an adequate pretrial investigation. First, he contended that counsel should have acquired and put into evidence transcripts of the victim's interviews with the police that would have allowed the defense to confront the victim on whether the victim was "basically asleep" when the offense occurred. Appellant also argued that tapes of the interviews could have cast doubt in the jurors' minds that enough time had elapsed from the time he and the victim arrived at the campsite and the offense occurred for the victim, who had not taken his sleep medication, to be asleep.[3] He further alleged that counsel should have investigated the crime scene to obtain information concerning rainfall, river conditions, and the location of the campsite to challenge the testimony of witnesses that indicated that the campsite was in a secluded location.

To prevail on his claim that trial counsel was ineffective for failing to adequately investigate and prepare for trial, the petitioner in a Rule 37.1 petition must show how a more searching pretrial investigation or better preparation would have changed the results of the trial. *Mason v. State*, 2013 Ark. 492, ___ S.W.3d ___; *see also Bond v. State*, 2013 Ark. 298, ___ S.W.3d ___ (per curiam). Specifically, the petitioner must delineate the actual prejudice that arose from the alleged failure to investigate and demonstrate a reasonable probability that additional

---

[3]Appellant exercised his right of allocution before sentence was pronounced and said to the court, "I did what I did with [J.P.] but nobody was ever asleep at any time." It was appellant's position in the Rule 37.1 petition that counsel should have acted to establish to the jury that the victim was not asleep and physically helpless when the offense occurred.

SLIP OPINION

preparation and the information that would have been uncovered with further investigation could have changed the outcome of the trial. *Mason*, 2013 Ark. 492; *see also Bryant v. State*, 2013 Ark. 305, ___ S.W.3d ___ (per curiam). Here, appellant did not establish with factual substantiation that further investigation would have changed the outcome of the trial.

Appellant also urged the trial court to grant postconviction relief on the ground that his attorney had made him state before the jury that he had chosen against the advice of counsel not to testify. The record on direct appeal, however, reflects that appellant was asked outside the presence of the jury before the jury instructions were given in the first phase of the bifurcated trial whether he had chosen not to testify, and he agreed that he had done so. As the trial record refuted the claim that the jury heard the statement and appellant offered nothing to show that the statement was indeed made before the jury at some point, there was no basis for a finding of ineffective assistance of counsel.

In his final claim of ineffective assistance of counsel, appellant contended that counsel had failed to complete his closing argument for the defense. He referred to counsel's having stated, "Having been a former prosecutor," at which time, the State objected to the relevance of the remark. Counsel immediately withdrew the comment and proceeded with the closing argument. Contrary to appellant's contention in the Rule 37.1 petition that counsel failed to conclude the argument with reasons why the jury should find him not guilty, counsel continued to speak and concluded the argument. Appellant did not point to any prejudice to the defense that arose from the closing argument, except for his apparent dissatisfaction with the outcome of the trial. A claim without a specific showing of error on counsel's part is not sufficient to

establish that counsel prejudiced the defense. *See Smith v. State*, 2010 Ark. 137, 361 S.W.3d 840 (per curiam).

Appeal dismissed; motion to reinvest jurisdiction in the trial court denied; motions for appointment of counsel and to stay appeal moot.

*Anthony O. Craigg*, pro se appellant.

No response.