

# SUPREME COURT OF ARKANSAS

**No.** CR-12-774

| | |
|---|---|
| DONALD RAY MATHIS<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** April 3, 2014<br><br>PRO SE APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-09-64]<br><br>HONORABLE HAMILTON H. SINGLETON, JUDGE<br><br><u>AFFIRMED</u>. |

## PER CURIAM

In 2009, appellant Donald Ray Mathis was found guilty by a jury of simultaneous possession of drugs and firearms, possession of a controlled substance, marijuana, and maintaining a drug premises. The drug premises was a motel room that appellant often occupied with a woman named Gwendolyn Miller. He was sentenced as a habitual offender to 1344 months' imprisonment. The Arkansas Court of Appeals affirmed. *Mathis v. State*, 2010 Ark. App. 655.

Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). The petition was denied, and appellant brings this appeal. Our jurisdiction is pursuant to Rule 37 and Arkansas Supreme Court Rule 1-2(a)(8) (2013).

This court has held that it will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Johnson v. State*, 2014 Ark. 74; *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence



to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

In his petition under the Rule, appellant alleged that he was denied due process of law and that he had not been afforded effective assistance of counsel. When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Craigg v. State*, 2014 Ark. 71 (per curiam); *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington*

SLIP OPINION

*v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant first argues on appeal that trial counsel was ineffective in that counsel did not investigate the case thoroughly and "existent an independent Ake expert for presentation of mitigating evidence." First, assuming that appellant is referring to *Ake v. Oklahoma*, 470 U.S. 68 (1985), in *Ake*, the Court held that when an indigent defendant makes a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, due process

SLIP OPINION

requires a state to provide access to a psychiatrist's assistance on the issue. There was no allegation in the Rule 37.1 petition concerning *Ake*. As a result, the argument will not be considered in this appeal. An appellant in a Rule 37.1 proceeding is limited to the scope and nature of the arguments advanced below, and an appellant cannot raise new arguments on appeal. *Dodson v. State*, 2013 Ark. 385 (per curiam); *Hogan v. State*, 2013 Ark. 223 (per curiam).

In his recitation of examples of counsel's failure to investigate the case, appellant contends that counsel should have subpoenaed Wanda Tate and an employee of the motel to testify. He further asserts that counsel should have been prepared to challenge the testimony of investigator Josh Newton. The claims concerning Tate, the motel employee, and Newton were not raised in the Rule 37.1 petition and will not be addressed on appeal. *Dodson*, 2013 Ark. 382.

As his second point on appeal, appellant argues that his attorney was remiss in not requesting jury instructions on the lesser-included offense of simple possession of marijuana. To prevail under Rule 37.1, the petitioner must offer facts to show that counsel's failure to request an instruction on a lesser-included offense prejudiced the defense to the extent that petitioner was deprived of a fair trial. *Mitchell v. State*, 2012 Ark. 242. When it is asserted that counsel was ineffective for failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Id.*; *see also Woody v. State,* 2009 Ark. 413. Here, there was evidence adduced at trial that a search pursuant to a warrant was conducted on the motel room in which appellant and Gwendolyn Miller were often observed entering and



exiting. In the room, the officers found a substantial amount of cash, two loaded firearms, a set of digital scales, a marijuana pipe, multiple boxes of plastic baggies, a razor blade, 164 grams of marijuana packaged in individual baggies, and a ledger listing names and nicknames next to different money amounts. There was also evidence that appellant was with Miller when several drug transactions occurred and that some of the transactions occurred in a vehicle registered to appellant and another person. In light of the evidence obtained in the search and the evidence of the drug transactions, appellant did not establish that a motion to proceed with a jury instruction of simple possession of marijuana would have had merit. Appellant had the burden of demonstrating that there was a rational basis for the instruction. *See Davis v. State*, 2011 Ark. 433 (per curiam); *see also Hatcher v. State*, 2011 Ark. 325 (per curiam). As he failed to do so in his largely conclusory claim that he was entitled to an instruction on simple possession, he did not establish that counsel was ineffective. Conclusory claims cannot overcome the presumption that counsel was effective under the *Strickland* standard. *See Robertson v. State*, 2010 Ark. 300, 367 S.W.3d 538 (per curiam).

Appellant's third claim on appeal is that counsel should have filed a pretrial motion to suppress the evidence found in the motel room on the ground that the incriminating material belonged to someone other than appellant. While appellant raised in the Rule 37.1 petition the issue of whether counsel should have filed a motion to suppress the evidence, the allegation was not based on the claim that the evidence belonged to another person. An appellant cannot change the grounds for an argument for the first time on appeal. *Hogan*, 2013 Ark. 223.

In his fourth argument, appellant alleges that he was denied due process of law on the

SLIP OPINION

grounds that he was not found guilty beyond a reasonable doubt and that the imposition of his lengthy sentence was a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Neither ground was a ground for relief under the Rule.

Questions pertaining to the sufficiency of the evidence are matters to be addressed at trial and on direct appeal and are not cognizable in a postconviction proceeding. *Green v. State*, 2013 Ark. 455 (per curiam); *Crain v. State*, 2012 Ark. 412 (per curiam). A postconviction proceeding under Rule 37.1 is not a substitute for direct appeal or an opportunity to challenge the strength of the evidence adduced at trial. *Green*, 2013 Ark. 455.

As to the Eighth Amendment claim, which appears to be based, at least in part, on the fact that the sentences in appellant's case were ordered to be served consecutively, the issue was not raised in the Rule 37.1 petition. Nevertheless, because appellant contended in his petition that his attorney should have objected to the consecutive sentences, we note that appellant did not claim in his petition that the sentences imposed were outside the statutory range for the offenses, and the decision to impose the sentences concurrently or consecutively was within the province of the trial judge. *See Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003). Appellant did not demonstrate that counsel could have raised a meritorious objection to the sentence.

Appellant next contends that his attorney failed "to raise and object to accomplice corroboration liability." The argument is based on counsel's failure to argue at trial that Gwendolyn Miller, who testified for the prosecution at appellant's trial, was his accomplice and that a conviction cannot be had on the testimony of an accomplice unless corroborated by other evidence connecting the accused with the offense. As there was ample evidence adduced at trial

of appellant's guilt that did not depend on Miller's testimony, her testimony was corroborated. Also, as the allegation was couched in the Rule 37.1 petition, it appeared to be an attempt to reargue the sufficiency of the evidence. As stated, the issue of whether there was sufficient evidence to sustain the judgment against appellant was a matter to be addressed at trial and on the record on direct appeal.

In a related allegation, appellant contends that Miller was his wife and counsel should have objected to her being allowed testify for that reason. First, the record on direct appeal indicates that appellant was not married to Miller when they were arrested. Morever, while confidential communication between a husband and wife is privileged under Arkansas Rule of Evidence 504(a)(b) (2013), the communication is confidential only if it is made privately by any person to his or her spouse and is not intended for disclosure to any other person. Here, even if appellant and Miller had been married, appellant did not allege in his petition that Miller testified that there was a particular confidential communication between him and Miller that was privileged. Appellant failed to show that there was some meritorious objection that counsel could have raised to challenge Miller's testimony.

Finally, appellant's brief on appeal is replete with conclusory claims of ineffective assistance of counsel, some of which were interwoven into the allegations in the Rule 37.1 petition and some of which appear only in the brief. To the extent that the assertions were raised below and in the appellate brief and can be reviewed for error in this appeal, it is well settled that conclusory statements that counsel was ineffective will not sustain a petition for postconviction relief. *Criagg*, 2014 Ark. 71; *Jeffers v. State*, 280 Ark. 458, 658 S.W.2d 869 (1983).

SLIP OPINION

As to the claims raised below and not raised on appeal, those allegations are considered to be abandoned. *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam).

Affirmed.

*Donald Ray Mathis*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.